**Ronny SUGIARTO, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 11–71814.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 26, 2013.*

Filed April 12, 2013.

Gihan L. Thomas, Esquire, Law Offices of Gihan L. Thomas, Los Angeles, CA, for Petitioner.

Monica Antoun, Esquire, OIL, DOJ–U.S. Department of Justice, Washington, DC, ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: HUG, FARRIS and LEAVY, Circuit Judges.

**MEMORANDUM****

Ronny Sugiarto, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Zhou v. Gonzales,* 437 F.3d 860, 864 (9th Cir.2006), and we deny the petition for review.[1]

Sugiarto contends that he suffered past persecution. Substantial evidence supports the agency's finding that the cumulative effect of the harms experienced by Sugiarto did not rise to the level of persecution. *See Halim v. Holder,* 590 F.3d 971, 975–76 (9th Cir.2009) (holding that incidents of mistreatment, including being stripped naked in front of classmates, being beaten by rioters, and false arrest, detention, and bribe, did not compel finding of past persecution); *Wakkary v. Holder,* 558 F.3d 1049, 1059–60 (9th Cir. 2009) (holding that two beatings and robberies, including robbery at knifepoint, and being confronted by a mob during a riot, did not compel a finding of past persecution).

Sugiarto also contends that he established that he has a well-founded fear of persecution under a disfavored group analysis. We recognize that Sugiarto is a member of two disfavored groups because he is both Christian and ethnically Chinese. *See Tampubolon v. Holder,* 610 F.3d 1056, 1062 (9th Cir.2010); *Halim,* 590 F.3d at 978. However, substantial evidence supports the agency's finding that

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because the parties are familiar with the facts and procedural history underlying this appeal, we do not recount them here.

Sugiarto failed to establish a sufficiently individualized risk of harm under a disfavored group analysis. *See Halim,* 590 F.3d at 977–80.

Because Sugiarto failed to meet the lower burden of proof for asylum, his withholding of removal claim necessarily fails. *See Wakkary,* 558 F.3d at 1066; *Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence supports the agency's denial of CAT protection because Sugiarto failed to establish that it is more likely than not that he will be tortured upon his return to Indonesia. *See Wakkary,* 558 F.3d at 1068.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.